**Supreme Court**

No. 2014-141-Appeal.
(KC 11-1386)

Richard Roma et al.                     :

                    v.                     :

Ernest Moreira et al.                     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard Roma et al.        :

v.                         :

Ernest Moreira et al.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**   The plaintiff, Richard Roma, appeals from a judgment in favor of the defendants, Ernest and Elaine Moreira, in this negligence action.  The plaintiff argues that the trial justice erred by denying his motion to pass the case due to jury prejudice.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Procedural History**

On June 12, 2011, Richard[1] fell down the stairs in his residence at 10 Elm Street, West Warwick.  On November 10, 2011, Richard and his wife, Lori (plaintiffs), filed a negligence action against defendants, their landlords.  The plaintiffs alleged that defendants failed to maintain the premises in a "clean, good, and safe condition."  Richard sought damages for

---

[1] To avoid confusion, we shall refer to plaintiffs by their first names.  No disrespect is intended.

personal injuries, and Lori sought damages for loss of consortium. A three-day jury trial began on January 28, 2011.

On the night of January 30, 2011, plaintiffs' lead counsel reported to the court, by way of a voice-mail message, that his co-counsel had overheard a conversation between two jurors regarding the case. The next morning, co-counsel addressed the court directly and stated that he believed he overheard the juror in seat six say to the juror in seat five, "if he can survive melanoma, he can survive this[,]" after the jurors had been dismissed the prior afternoon. The co-counsel explained that he had not thought to report the statement immediately, and he had not told lead counsel about it until late in the evening. Subsequently, plaintiffs' lead counsel asked the trial justice to discharge the two jurors and allow the alternate jurors to deliberate. He expressed concern that, if the trial justice were to question the jurors, they would know that the statement had been brought to the court's attention by someone sitting at plaintiffs' counsel table because of the proximity of the table to the jurors. The trial justice responded that the clerk or court reporter could have reported the juror's comment.

The trial justice interviewed the jurors in question separately, in chambers, and on the record. The trial justice first questioned juror No. 75, who was seated in seat six, about whether she ever stated, "[i]f he survived melanoma, he can survive this." Juror No. 75 responded, "[n]o. I don't -- no. On my children's lives, I didn't say -- I'm not even sure who -- survived -- no." When asked whether there were any conversations regarding the case, juror No. 75 replied "[n]o, and let me say, we're talking about food in there and we are getting along very well, but 100 percent no." The trial justice then specifically asked juror No. 75 whether she spoke with the juror in seat 5, and she responded, "I asked her for some gum."

Thereafter, the trial justice interviewed juror No. 107, who was seated in seat five. The trial justice asked if juror No. 75 had said, "[i]f he survived melanoma, he can survive this." Juror No. 107 responded, "I didn't hear that at all." Juror No. 107 explained that she gave juror No. 75 a piece of gum and added, "that's it." Juror No. 107 clarified that she had not had any conversations about the case, and had not made up her mind on the case. The trial justice asked if any other juror said, "[i]f he survived melanoma, he can survive this[.]" Juror No. 107 answered, "[n]o. I wouldn't -- I'm a survivor. I--[,]" at which point the trial justice interrupted the juror.

Subsequently, the trial justice stated, "I'm satisfied based on my conversations with the two jurors that they were talking about gum," and that "[i]f there were conversations, it [sic] must have been misunderstood." The plaintiffs objected and made an oral motion to pass the case. The defendants objected to plaintiffs' motion, noting that the jurors seemed generally surprised at the court's questions. The defendants argued that speaking with the jurors was the appropriate method for the trial justice to determine whether the jurors should be excused.

The trial justice denied plaintiffs' motion to pass the case, stating that she had observed the jurors and their demeanor and that "[t]hey were completely taken aback. I didn't sense from them any apprehension. I thought that their answers were honest and open, and I believe that they were telling the truth." The plaintiffs once again objected, arguing, "there's an opportunity to cure the defect, those jurors should be excused and the alternates should take the [sic] place." The trial justice responded that there was no defect and again stated she was "satisfied with what [she'd] heard" from the jurors.

Prior to releasing all of the jurors to begin their deliberations, the trial justice asked them whether any of the jurors had had any conversations regarding the case with anyone, including

- 3 -

other jurors, and they responded "[n]o."  After deliberating, the jury returned a verdict for defendants, and judgment was entered on January 31, 2014.  Thereafter, plaintiff filed a timely appeal.[2]

## II

## Standard of Review

"[I]t is well-settled law that motions to pass a case and declare a mistrial are matters left to the sound discretion of the trial justice."[3] State v. Pacheco, 763 A.2d 971, 978 (R.I. 2001) (quoting State v. Figueroa, 673 A.2d 1084, 1091 (R.I. 1996)).  "A trial justice's ruling on a motion to pass is given great weight and will not be disturbed unless clear error is shown * * * because the 'trial justice has a front-row seat at the trial and is in the best position to determine whether a defendant has been unfairly prejudiced.'" State v. Alston, 47 A.3d 234, 250 (R.I. 2012) (quoting State v. Brown, 9 A.3d 1232, 1238 (R.I. 2010)).  Moreover, "[w]e previously have held that even prejudicial remarks do not necessarily require the granting of a motion to pass." Id. at 250-51(quoting Brown, 9 A.3d at 1239).

## III

## Discussion

The plaintiff argues that the trial justice committed reversible error by rejecting his motion to pass the case due to juror misconduct.  The plaintiff contends that the two jurors should have been replaced with the available alternate jurors.  He maintains that the jurors were

---

[2] Although Richard and Lori were both plaintiffs to the original claim, only Richard appeals the judgment.

[3] "In Rhode Island, the terms 'motion to pass the case' and 'motion for a mistrial' are synonymous." State v. Robat, 49 A.3d 58, 83 n.28 (R.I. 2012) (quoting State v. Rosario, 14 A.3d 206, 212 n.4 (R.I. 2011)).

biased by the trial justice's interview with them because the comment was most likely only heard by plaintiffs' counsel, who was positioned approximately eight feet from the two jurors. Furthermore, plaintiff argues that the trial justice failed to interview the jurors sufficiently in order to assess their credibility.

The defendants counter that the trial justice did not abuse her discretion in allowing the jurors to deliberate because she performed a proper voir dire of both jurors and found that there had been no juror misconduct. Furthermore, defendants contend that plaintiff waived his appeal by failing to move for a new trial after the jury returned the verdict.[4]

In the case at bar, the trial justice provided a detailed account of why she denied the plaintiffs' motion to pass the case. After speaking with the jurors about the alleged statement and observing their demeanor, the trial justice found that the jurors' answers were "honest and open," that they were discussing gum, and that they never discussed the case. The trial justice noted that when the plaintiffs' co-counsel originally reported the statement, "if he can survive melanoma, he can survive this[,]" he had said that "he heard something to this affect [sic]." Thus, the trial justice concluded that "[i]f there were conversations, it [sic] must have been misunderstood." We are satisfied that the trial justice acted appropriately under the circumstances by questioning the two jurors in camera. Although it might have been preferable to ask each juror directly whether he or she could remain fair and impartial, the trial justice made a credibility determination and found that they had not been talking about the case. Accordingly, she declined to discharge the two jurors and denied the plaintiffs' motion to pass the case. The

---

[4] The plaintiff appeals from the trial justice's denial of plaintiffs' motion to pass the case. Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure states that "[a]n appeal from a judgment reserves for review any claim of error in the record * * *." Thus, because plaintiff made a motion to pass, albeit prior to jury deliberations, the issues he raises relating to the allegation of juror misconduct are properly before this Court.

plaintiff has failed to demonstrate that the trial justice overlooked or misconceived evidence, otherwise clearly erred, or abused her discretion in any way.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record of the case shall be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Richard Roma et al. v. Ernest Moreira et al.

**CASE NO:**     No. 2014-141-Appeal.
(KC 11-1386)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  November 13, 2015

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Ronald J. Resmini, Esq.

For Defendants:  Lauren D. Wilkins, Esq.